IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **AMERICAN AIRLINES, INC.** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 4:23-CV-00775-P |
| | § | |
| **KIWI.COM, INC. and KIWI.COM, S.R.O.,** | § | |
| | § | |
| *Defendants.* | § | |

### DEFENDANT KIWI.COM, INC.'S RULE 12(b)(2) MOTION
### TO DISMISS AND BRIEF IN SUPPORT THEREOF

| | |
|---|---|
| T. Ray Guy | Ann Marie Arcadi |
| Texas Bar No. 08648500 | Texas Bar No. 00786994 |
| rguy@fbtlaw.com | annmarie.arcadi@arcadijackson.com |
| Amy E. LaValle | Heather Summerfield |
| Texas Bar No. 24040529 | Texas Bar No. 24095772 |
| alavalle@fbtlaw.com | heather.summerfield@arcadijackson.com |
| Ben A. West | Seema Tendolkar |
| Texas Bar No. 24084074 | Texas Bar No. 24053509 |
| bwest@fbtlaw.com | seema.tendolkar@arcadijackson.com |
| Ha-Vi L. Nguyen | Neakzaad L. Horriat |
| Texas Bar No. 24105693 | Texas Bar No. 24116536 |
| hlnguyen@fbtlaw.com | neak.horriat@arcadijackson.com |
| | |
| **FROST BROWN TODD, LLP** | **ARCADI JACKSON, LLP** |
| Rosewood Court | 2911 Turtle Creek Blvd., Suite 800 |
| 2101 Cedar Springs Road, Suite 900 | Dallas, Texas 75219 |
| Dallas, Texas 75201 | Telephone: (214) 865-6458 |
| Telephone: (214) 545-3472 | |

**ATTORNEYS FOR DEFENDANT KIWI.COM, INC.**

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES .......................................................................................................... ii

MOTION ........................................................................................................................................ 1

BRIEF IN SUPPORT ..................................................................................................................... 1

I.   INTRODUCTION ............................................................................................................. 1

II.  RELEVANT FACTUAL ALLEGATIONS ...................................................................... 2

III. THE COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(b)(2) ......................... 4

    A.  Legal Standard .................................................................................................................. 4

    B.  There Is No General Jurisdiction Over Kiwi Inc. in Texas ................................................ 5

    C.  American Cannot Establish Specific Jurisdiction Over Kiwi Inc. in Texas ....................... 7

        1.  Kiwi Inc.'s Limited Processing of Credit Card Transactions Does Not Establish Specific Jurisdiction. .............................................................................. 8

        2.  The Complaint Does Not Support Specific Jurisdiction over Kiwi Inc. as to American's Federal Claims. ...................................................................... 12

IV.  CONCLUSION ............................................................................................................... 13

CERTIFICATE OF SERVICE .....................................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Admar Int'l, Inc. v. Eastrock*,
  L.L.C., 18 F.4th 783 (5th Cir. 2021) ................................................................................... 4

*Alexander v. Anheuser-Busch, L.L.C.*,
  No. 19-30993, 2021 WL 3439131 (5th Cir. Aug. 5, 2021) ....................................................... 7

*Am. Airlines, Inc. v. Red Ventures LLC*,
  No. 4:22-CV-00044-P, 2022 WL 1608638 (N.D. Tex. May 20, 2022) ..................................... 5

*BNSF Railway Co. v. Float Alaska IP, LLC*,
  No. 4:22-CV-0950-P, 2023 WL 3591683 (N.D. Tex. May 22, 2023) ...................................... 6

*BNSF Ry. Co. v. Tyrrell*,
  581 U.S. 402 (2017) ................................................................................................................ 5

*Bulkley & Assocs., LLC v. Dep't of Indus. Rel., Div. of Occupational Safety &
  Health of the State of Cal.*,
  1 F.4th 346 (5th Cir. 2021) ..................................................................................................... 7

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985) ................................................................................................................ 8

*Carmona v. Leo Ship Mgmt., Inc.*,
  924 F.3d 190 (5th Cir. 2019) ................................................................................................... 8

*Collins v. Morgan Stanley Dean Witter*,
  224 F.3d 496 (5th Cir. 2000) ............................................................................................... 3, 4

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915 (2011) ................................................................................................................ 7

*In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.*,
  No. H-10-171, MDL No. 2046, 2011 WL 1232352 (S.D. Tex. Mar. 31, 2011) .................... 10

*Johnston v. Multidata Sys. Int'l Corp.*,
  523 F.3d 602 (5th Cir. 2008) ................................................................................................... 4

*Mallory v. Norfolk So. Ry. Co.*,
  143 S. Ct. 2028 (2023) ............................................................................................................ 7

*Monkton Ins. Servs., Ltd. v. Ritter*,
  768 F.3d 429 (5th Cir. 2014) ................................................................................................... 5

*Norfolk S. Ry. Co. v. Trinity Indus.*,
   No. 3:07-CV-01905-F, 2009 WL 362437 (N.D. Tex. Feb. 13, 2009) ...................................... 11

*Project Honey Pot v. John Does*,
   No. 1:11-CV-00015, 2012 WL 1854184 (E.D. Va. May 21, 2012) ........................................ 11

*Quick Techs., Inc. v. Sage Grp. PLC*,
   313 F.3d 338 (5th Cir. 2002) ............................................................................................................ 5

*Sambrano v. United Airlines, Inc.*,
   No. 4:21-CV-10074-P, 2021 WL 5178829 (N.D. Tex. Nov. 8, 2021) ............................... 5, 6

*Southwest Airlines, Co. v. Kiwi.com, Inc.*,
   No. 3:21-CV-00098-E ............................................................................................................................ 4

*Walden v. Fiore*,
   571 U.S. 277 (2014) .............................................................................................................................. 8

**Statutes**

15 U.S.C. § 1114 .................................................................................................................................... 12

15 U.S.C. § 1125(a) .............................................................................................................................. 12

17 U.S.C. §101 ....................................................................................................................................... 12

TEX. CIV. PRAC. & REM. CODE § 17.042 ........................................................................................ 7

**Other Authorities**

FED. R. CIV. P. 12(b)(6) ......................................................................................................................... 3

FED. R. CIV. P. 12(b)(2) ........................................................................................................ 1, 4, 5, 13

## MOTION

Pursuant to Federal Rule of Civil Procedure 12(b)(2), Defendant Kiwi.com, Inc. hereby moves to dismiss the Complaint (ECF No. 1) filed by Plaintiff American Airlines, Inc. ("American" or "Plaintiff") for lack of personal jurisdiction. The Court should dismiss American's claims against Kiwi.com, Inc. under Rule 12(b)(2) because the Complaint does not allege the basis for this Court's personal jurisdiction over Kiwi.com, Inc., either general or specific.

## BRIEF IN SUPPORT

### I. INTRODUCTION

American's Complaint targets two entities: Defendant Kiwi.com, Inc. ("Kiwi Inc.") and Defendant Kiwi.com, s.r.o. ("Kiwi s.r.o.").[1] In the opening sentence of the Complaint, American conflates the two by defining them as the single entity " Kiwi,"[2] and throughout the remainder of the Complaint's 58 pages and hundreds of paragraphs, with limited exceptions, American refers to "Kiwi" without attempting to attribute specific conduct to one Defendant or the other.

A plaintiff cannot create *in personam* jurisdiction through imprecise group pleading. Kiwi Inc. and Kiwi s.r.o. are separate entities, operating independently, and with neither being an agent or affiliate of the other. As reflected in the Complaint, Kiwi Inc. is a Delaware corporation organized under the laws of Delaware, with its principal place of business in Miami, Florida. *See* Compl. ¶ 31. Kiwi s.r.o. is a Czech limited liability company based in the Czech Republic. *See id.* ¶ 32. Kiwi Inc. is not incorporated in Texas and does not have its principal place of business in Texas; there is no basis for a Texas court's exercise of general jurisdiction over Kiwi Inc. And, as American recognizes in its Complaint, Kiwi Inc. is solely a credit-card-transaction processor for

---

[1] Kiwi s.r.o. has not yet been served.
[2] "Plaintiff … brings this action against Defendants Kiwi.com, Inc. and Kiwi.com, s.r.o. (together, ' Kiwi') . . . ."

Kiwi s.r.o. for certain, limited U.S. credit card transactions. *See id.* ¶ 39. Those limited activities do not suffice as the required minimum contacts with Texas such as would subject Kiwi Inc. to specific jurisdiction in Texas. In the absence of *in personam* jurisdiction, Kiwi Inc. should be dismissed from the case.

## II.    RELEVANT FACTUAL ALLEGATIONS

Kiwi Inc. is a Delaware corporation incorporated in June 2015, with its headquarters and principal place of business in Miami, Florida. *See* Declaration of Oscar Castellano ¶ 2, attached as **Exhibit A**. Kiwi Inc. was incorporated for the purpose of processing certain limited Visa and Mastercard credit/debit card transactions made through the Kiwi.com website, which is owned and operated not by Kiwi Inc. but rather by Co-Defendant Kiwi s.r.o. *See id.* ¶ 7. Kiwi Inc. does not maintain any operations, employees, or agents in Texas. *See id.* ¶ 8. Kiwi Inc. also does not own any real estate or hold any permits, licenses, or bank accounts in Texas. *See id.* ¶¶ 4–5. Kiwi Inc. does not specifically target business toward Texas or Texas residents and does not engage in Texas-specific advertising or promotions. The servers running Kiwi Inc.'s credit card processing operations are located in Europe, not Texas. *See id.* ¶ 14. Kiwi Inc.'s only connections to Texas are by happenstance in circumstances where a Texas-based customer purchases services utilizing Kiwi s.r.o's Kiwi.com website, using a Visa or Mastercard issued by a United States bank, in United States dollars; Kiwi Inc. processes the transaction. *See id.* ¶ 15. American can do no better—again conflating Kiwi s.r.o and Kiwi Inc.—than to claim "inferential" proof that Texas residents may have purchased "over 70" tickets "with Kiwi's fingerprints" in an unspecified year. Compl. ¶ 37. Even if American's supposition were correct, and even if the tickets were purchased from Kiwi Inc. rather than Kiwi s.r.o, utilizing a website owned or operated by Kiwi Inc. rather than Kiwi s.r.o., 70 American Airlines tickets purchased via the Kiwi.com website would represent 0.011% of the transactions Kiwi Inc. processed for the Kiwi.com website in a recent year. And

American does not allege that these 70 transactions were made in U.S. dollars using a Visa or Mastercard card rather than another issuer's card—meaning that almost certainly an even smaller number of those transactions involved Kiwi Inc. *See id.* ¶ 37. Utilizing actual financial records rather than supposition, Kiwi Inc. has calculated that, in the year 2022, 6.83% of its revenues were generated from sales to Texas residents. *See* Ex. A, Castellano Decl. ¶ 17.

Again, Kiwi Inc. does not own or operate or control the Kiwi.com website that is the primary subject of the Complaint's allegations. Continuing with group pleading, American alleges that "Kiwi" used the Kiwi.com website to take the actions at issue here (*see, e.g.*, Compl. ¶¶ 1–191), and refers to the Kiwi.com website's Terms and Conditions to allege (incorrectly) that Kiwi Inc. and Kiwi s.r.o. are agents of one another. *See id.* ¶ 39. Other relevant portions of the Kiwi.com website's Terms of Use, <u>not</u> quoted by American, specifically explain the ownership of the Kiwi.com website:

> The website located at Kiwi.com, the Kiwi.com mobile application and all of their contents ("**Website**") are owned and operated by private limited company Kiwi.com s.r.o., with a registered office at Rohanské nábřeží 678/25, 186 00, Prague 8-Karlín, Czech Republic . . . .

Kiwi.com website's Terms of Use, *available at* https://www.kiwi.com/en/pages/content/terms, ¶ 1 (emphasis in original) (last accessed Oct. 4, 2023), attached as **Exhibit B**.[3] By the Kiwi.com

---

[3] Although a Court's review of a motion to dismiss under FED. R. CIV. P. 12(b)(6) focuses on the contents of the pleadings and the documents attached thereto, the Fifth Circuit has stated that "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim . . . . In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000). The Complaint cites the Kiwi.com website's language (*see, e.g.*, Compl. ¶¶ 24–25, 39, 103), and places the Kiwi.com website at the center of its claims because it alleges "Kiwi" conducted the actions subject of this litigation through the website. In addition, in Paragraph 39, American cites to the Kiwi.com website's Terms and Conditions to allege "Kiwi" is subject to personal jurisdiction in this Court, but American fails to cite to or identify all the relevant Kiwi.com website Terms and Conditions that prove otherwise.

website's express language, Kiwi s.r.o. rather than Kiwi Inc. owns and operates the website at the heart of and integral to the Complaint. Moreover, Kiwi Inc. only processes certain U.S. Visa and Mastercard transactions on the Kiwi.com website; Kiwi Inc. does not process transactions for any other entities, let alone ARC-accredited consolidator agencies as alleged in the Complaint. *See* Ex. A, Castellano Decl. ¶ 7; *see also* Compl. ¶ 134.

This Court cannot exercise either general or specific jurisdiction over Kiwi Inc.

### III.    THE COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(b)(2)

#### A.    Legal Standard

The Complaint's allegations are not sufficient to establish this Court's personal jurisdiction over Kiwi Inc.[4] "[A]s a matter of due process, courts may exercise personal jurisdiction over a nonresident defendant only if '(1) that defendant has purposefully availed himself of the of the benefits and protections of a forum state by establishing minimum contacts with the forum state; and (2) the exercise of jurisdiction . . . does not offend traditional notions of fair play and substantial justice.'" *Admar Int'l, Inc. v. Eastrock*, L.L.C., 18 F.4th 783, 786 (5th Cir. 2021) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotations omitted)). "There are two types of minimum contacts: those that give rise to specific personal jurisdiction and those that give rise to general personal jurisdiction." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (quotation omitted). "When a defendant challenges personal

---

Thus, the Court should consider all the statements on the Kiwi.com website, including the Kiwi.com website's Terms of Use, to which American refers but does not quote (*see, e.g.*, Compl. ¶¶ 18, 116), to determine whether American has stated a claim. *See Collins*, 224 F.3d at 498–99.

[4] The Complaint's allegation that this Court already "exercised personal jurisdiction over both [Kiwi] and [Kiwi s.r.o.] over [Kiwi s.r.o.]'s objection" is misleading without additional context. Compl. ¶ 41. In *Southwest Airlines, Co. v. Kiwi.com, Inc.*, No. 3:21-CV-00098-E, the Northern District of Texas case referenced by Plaintiff, Kiwi Inc. *did not challenge* personal jurisdiction, and this Court held that "[f]or the purposes of this Order, 'Kiwi' refers *only* to Kiwi.com s.r.o." Order, No. 3:21-CV-00098-E, ECF No. 89, at 1 n.1 (emphasis added). Thus, this Court has not previously analyzed whether Kiwi Inc. is subject to personal jurisdiction here.

jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists." *See Sambrano v. United Airlines, Inc.*, No. 4:21-CV-10074-P, 2021 WL 5178829, at *3 (N.D. Tex. Nov. 8, 2021). A court ruling on a motion to dismiss under Rule 12(b)(2) may consider "the contents of the record before [it] at the time of the motion, including 'affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery.'" *Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 344 (5th Cir. 2002). Kiwi Inc. challenges this Court's personal jurisdiction, and American cannot meet its burden of proving such jurisdiction exists here.

### B.     There Is No General Jurisdiction Over Kiwi Inc. in Texas

A court may only "assert general jurisdiction over foreign . . . corporations to hear any and all claims against them when their affiliations with the state are so continuous and systematic as to render them essentially at home in the forum state." *See Am. Airlines, Inc. v. Red Ventures LLC*, No. 4:22-CV-00044-P, 2022 WL 1608638, at *1 (N.D. Tex. May 20, 2022) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)). Thus, a court will normally only assert general jurisdiction over a corporation in the state in which it is incorporated and the state of its principal place of business. *See BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017). Because Kiwi Inc. is a Delaware corporation with its principal place of business in Florida (*see* Ex. A, Castellano Decl. ¶ 2; *see also* Compl. ¶ 31), Kiwi Inc. does not fall under the general jurisdiction of Texas courts.

The Supreme Court has also left open the possibility of an "exceptional case" where a "corporate defendant's operations in another forum may be so substantial and of such a nature as to render the corporation at home in that State." *See Tyrrell*, 581 U.S. at 413 (quoting *Daimler AG*, 571 U.S. at 139 n. 19) (cleaned up). However, courts in this Circuit have held that such circumstances would be "incredibly difficult" to show. *See Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014). American's claim against Kiwi Inc. does not present that

"exceptional case;" American has not met its "incredibly difficult" burden of showing general jurisdiction over Kiwi Inc.

For example, this Court did not exercise general jurisdiction over United Airlines—an out-of-state corporation with its principal place of business in another state—despite one of United's seven business hubs being located in Houston, roughly a quarter of its daily flights taking off or landing in Texas, and 16% of its employees working in Texas. *See Sambrano*, 2021 WL 5178829, at *4. By comparison, Kiwi Inc. has significantly less of a presence in Texas than United Airlines, considering that Kiwi Inc. (1) does not have offices or operations in Texas, (2) is not registered with the Texas Secretary of State, (3) has no land or personal property in Texas, (4) maintains no bank accounts in Texas, and (5) has no employees, contractors, or agents in Texas. *See* Ex. A, Castellano Decl. ¶¶ 3–6.

More recently, in *BNSF Railway Co. v. Float Alaska IP, LLC,* No. 4:22-CV-0950-P, 2023 WL 3591683 (N.D. Tex. May 22, 2023), this Court concluded that it did not have general jurisdiction over a company with its principal place of business in Alaska despite that company's activities including "operating a website that is accessible in Texas, recruiting from the Dallas-Fort Worth Metroplex, securing aircraft formerly owned by American Airlines, seeking crowd funding in Texas, planning scheduled flights to Texas, communicating with [Fort Worth based] BNSF, and preparing to enter into contracts to provide transportation services in this district." *Id*. at *2-3. American does not (and could not) allege that Kiwi Inc. has directed activities toward this state comparable to those found insufficient in *Sambrano* or *BNSF Railway*.

In short, this case does not present such "exceptional circumstances," or operations in this District "so substantial," as would justify the exercise of general jurisdiction over Kiwi Inc.

The Supreme Court recently held that a foreign business may be subject to general personal

jurisdiction within a state when that state's statutes require acceptance of general jurisdiction upon registering to business in that state. However, Texas does not mandate that out-of-state companies register with the state to conduct business here, *see Mallory v. Norfolk So. Ry. Co.*, 143 S. Ct. 2028, 2037 (2023) (addressing Pennsylvania's "consent by registration" statute), and Kiwi Inc. has not done so.

Finally, a state's long-arm statute may require consent to general personal jurisdiction as part of registration to do business in the state, but the Texas statute imposes no such requirement. *See* TEX. CIV. PRAC. & REM. CODE § 17.042. Absent an express provision regarding consent, the traditional minimum contacts analysis applies. *See Bulkley & Assocs., LLC v. Dep't of Indus. Rel., Div. of Occupational Safety & Health of the State of Cal.*, 1 F.4th 346, 351 (5th Cir. 2021) (applying minimum contacts analysis to determine personal jurisdiction over a defendant attempting to be brought to a Texas court through TEX. CIV. PRAC. & REM. CODE § 17.042).

In short, Kiwi Inc. cannot be "fairly regarded as at home" in Texas, nor has it consented to general jurisdiction in the state or have "continuous and systematic contacts with the forum." *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). As a result, American has not established general jurisdiction over Kiwi Inc.

### C.  American Cannot Establish Specific Jurisdiction Over Kiwi Inc. in Texas

The allegations of the Complaint—also properly clarified, distinguishing the separate and distinct activities of Kiwi s.r.o and Kiwi Inc.—also fail to show that Kiwi Inc. subjected itself to specific jurisdiction in Texas. "To be subject to specific jurisdiction, the defendant must have acted to 'purposefully avail itself of the privilege of conducting activities within the forum State' and 'there must be an affiliation between the forum and the underlying controversy.'" *Alexander v. Anheuser-Busch, L.L.C.*, No. 19-30993, 2021 WL 3439131, at *2 (5th Cir. Aug. 5, 2021) (quoting *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. —, 141 S. Ct. 1017, 1024–25 (2021)).

Thus, to establish specific jurisdiction, Plaintiff must show that (1) Kiwi Inc. purposely directed its activities toward the forum state or purposely availed itself of the privilege of conducting activities there, (2) American's causes of action arise out of or relate to one of Kiwi Inc.'s contacts with the forum state, and (3) the exercise of personal jurisdiction is in accordance with the "traditional notions of fair play and substantial justice." *Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 193 (5th Cir. 2019).

When a plaintiff fails to meet the first element, its chances of establishing specific jurisdiction quickly crumble—because a defendant's purposeful availment of the forum state is the "constitutional touchstone" of personal jurisdiction. *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)). The "analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). This requirement is in place to "ensure[ ] that a defendant will not be haled into a jurisdiction solely as a result of *random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person*." *Burger King*, 471 U.S. at 475 (emphasis added).

### 1. Kiwi Inc.'s Limited Processing of Credit Card Transactions Does Not Establish Specific Jurisdiction.

At best, the Complaint reflects connections by Kiwi Inc. to this action that, accepting American's allegations, would be random, fortuitous, and attenuated, and the consequence of the alleged unilateral conduct of Kiwi s.r.o. The Complaint alleges that this Court has personal jurisdiction over Kiwi Inc. and co-defendant, Kiwi s.r.o.—again, group-pled as "Kiwi"—by virtue of alleged activities such as "accessing and booking tickets over AA.com," booking these tickets for Texas-based customers, soliciting and selling flights to Texas residents through its website, engaging Texas-based third parties to book travel for some passengers, and sending allegedly

"targeted promotional emails" to Texas customers. Compl. ¶¶ 35–39. Only as to the latter activity—"sending targeted professional emails"—does American differentiate its two Defendants, and in doing so points to *Kiwi s.r.o* as the alleged offender: "This email is sent by Kiwi.com s.r.o." *Id*. ¶ 39. Indeed, American helpfully quotes and then paraphrases language from Kiwi s.r.o.'s website explaining the entities' separate roles: "[T]he Texas resident is transacting with Kiwi.com s.r.o." (*id.*) except when a customer pays for a ticket or service through the Kiwi.com website with a Visa or Mastercard credit/debit card issued by a U.S. bank or registered issuer, and the payment is made in U.S. dollars. *See* Ex. B, Kiwi.com website's Terms of Use, ¶ 1 (stating that the Kiwi.com website and the Kiwi.com mobile app are owned and operated by Kiwi s.r.o.). In that situation, Kiwi Inc. serves the purpose of processing the credit/debit card transaction for the Kiwi.com website. Compl. ¶ 39; *see also* Ex. A, Castellano Decl. ¶ 15. The Complaint's quotation of the website's differentiation of the activities of the two companies contradicts and belies the Complaint's conclusory allegation that Kiwi Inc. and Kiwi s.r.o. "act interchangeably[] and as each other's agent." Compl. ¶ 39. American has no factual or legal basis on which to impute Kiwi s.r.o.'s contacts or actions to Kiwi Inc.

The Complaint's sole alleged connection between Kiwi Inc. and Texas is the company's Visa and MasterCard credit and debit card processing of tickets that American "infer[s]" were booked by Texas customers (through a website solely owned and operated by Kiwi s.r.o.). *Id.* ¶¶ 34–41. The District Court for the Southern District of Texas has provided a helpful explanation of the credit/debit card transaction process:

> The Visa and MasterCard networks are similar. Issuer banks . . . issue credit cards to consumers. Acquirer banks . . . process payments for the merchant who make credit-card sales. When a consumer makes a credit-card purchase, the merchant swipes the card, sending a message to the acquirer bank. The acquirer bank then contacts the issuer bank to determine whether sufficient credit exists in the account. If so, the issuer bank clears the transaction, relays, the message to the acquirer bank,

> which notifies the merchant. On a daily basis, the issuer bank forwards payments to the acquirer bank, which deposits the payment into the merchant's account.

*In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.*, No. H-10-171, MDL No. 2046, 2011 WL 1232352, at *2 (S.D. Tex. Mar. 31, 2011).

Here, Kiwi s.r.o. through the Kiwi.com website offers services such as airline tickets or checked baggage to consumers worldwide. *See* Ex. A, Castellano Decl. ¶ 9. If a particular Kiwi s.r.o. customer makes the purchase with a Visa or Mastercard credit/debit issued from a United States bank using United States dollars, Kiwi Inc. is the credit card processor that transmits the authorization request initiating the payment process. Significantly, nowhere in this entire transaction process does Kiwi Inc. target, solicit, or otherwise provide any direct services to Kiwi s.r.o.'s customers. *See id.* ¶¶ 11–12. Rather, in a Visa or Mastercard transaction completed by a Kiwi.com website customer (where, again, the card is issued by a U.S. bank and the transaction is completed using U.S. dollars), Kiwi Inc.'s indirect interactions with a Kiwi.com website customer in Texas are the definition of random, fortuitous, and attenuated, and arise from and are based solely upon activity between that Texas customer and the Kiwi.com website owned and operated by Kiwi s.r.o. *See id.* ¶¶ 10–11, 15.

Numerous courts have held that defendants who merely process credit card transactions for merchants like this have not purposefully availed themselves of the forum jurisdiction where the merchant directed its business. The Southern District of Texas dismissed a plaintiff's claims against a Missouri-based acquiring bank for lack of personal jurisdiction where jurisdiction was asserted solely on the bank's contract with a New Jersey-based credit card processing entity whose processing center was in Texas. *See In re Heartland Payment Sys.,* 2011 WL 1232352, at *12–13. The court found that "there is no basis to conclude that [the acquiring bank] engaged in a purposeful or affirmative act that would subject it to jurisdiction in Texas." *Id.* at 12.

Similarly, a Virginia federal court dismissed claims against banks that allegedly processed credit cards for a co-defendant merchant's business with Virginia residents "due to the extremely attenuated nature of the banks' contacts with the forum." *Project Honey Pot v. John Does,* No. 1:11-CV-00015, 2012 WL 1854184, at *5 (E.D. Va. May 21, 2012). As that court explained, "'the unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contact with a forum State to justify an assertion of jurisdiction.'" *See id.* at *6 (quoting *Helicopteros Nacionales de Colom. v. Hall*, 466 U.S. 408, 417 (1984)). Moreover, even if the banks were aware of the merchant's activities in Virginia or should have been aware of the possibility of processing transactions in Virginia or elsewhere due to their membership in the global Visa system, exercising personal jurisdiction for this reason alone "would essentially subject [the banks] to jurisdiction anywhere in the world." *Id.* at *7. Finding such a result preposterous, the court exclaimed that "'technology cannot eviscerate the constitutional limits on a State's power to exercise jurisdiction over a defendant.'" *Id.* (quoting *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 711 (4th Cir. 2002)).

Like the dismissed defendants in these cases, Kiwi Inc. has not purposefully availed itself of this forum. Kiwi Inc. has no knowledge of the potential customers who choose to peruse Kiwi s.r.o.'s Kiwi.com website, the states or cities that Kiwi s.r.o. might target for additional business, or the contracts Kiwi s.r.o. enters into with American or other third parties. *See id.* ¶ 16. American has not asserted any basis to impute Kiwi s.r.o.'s conduct or contacts to Kiwi Inc., nor can it. American's vague citation to agency (*see* Compl. ¶ 39) without more is insufficient. *See Norfolk S. Ry. Co. v. Trinity Indus.,* No. 3-07-CV-01905-F, 2009 WL 362437, at *5 (N.D. Tex. Feb. 13, 2009) ("Generally, a parent company and its subsidiary are separate legal entities . . . . Because the parent corporation is merely a shareholder of its subsidiary, the parent corporation

generally would not be held liable for the obligations of its subsidiary [and vice versa].""). Kiwi Inc.'s limited contact with residents of the state of Texas fall far short of the minimum contacts necessary to establish specific jurisdiction.

In the absence of general or specific jurisdiction over Kiwi Inc., American's claims against the company must be dismissed.

### 2. The Complaint Does Not Support Specific Jurisdiction over Kiwi Inc. as to American's Federal Claims.

American devotes seven pages of its Complaint (*see* Compl. ¶¶ 82–92) to discussion of "American's Valuable Trademarks and Copyrights" and asserts claims (collectively the "Federal Claims") for "Trademark Infringement Under 15 U.S.C. § 1114" (Count IV), "Copyright Infringement Under 17 U.S.C. §101" (Count V), and "False Designation of Origin and Unfair Competition Under 15 U.S.C. § 1125(a)" (Count VII). Under each theory, American alleges misuse by "Kiwi" (as always, grouping the two Defendants) of those marks and copyrights. *See, e.g., id.* ¶ 166 at 53, ¶ 12 (sic) at 55. American's allegations as to the nature of such allegedly improper use involve solely the Kiwi.com website, with screen captures accompanying the claims of trademark and copyright infringement and the assertion that "Kiwi copied the American Copyright and displays it on its website." *Id.* at 41–42 ("In fact, Kiwi.com appears to have an *entire page* dedicated to American, which liberally deploys American's marks . . . .") (emphasis in original); *id.* ¶ 3 (sic) at 53.

Kiwi Inc. does not own or control the Kiwi.com website. Kiwi Inc. does not display *anything*—whether trademarks, copyrights, or otherwise—on the website, which is owned and solely controlled by Kiwi s.r.o. *See* Ex. A, Castellano Decl. ¶ 15. American's allegations concerning its marks and copyright do not suffice to support its Federal Claims or *in personam* jurisdiction based thereon.

The Federal Claims must therefore be dismissed. The dismissal of the Federal Claims will mean the absence of any claim supporting federal question jurisdiction. The obvious further consequence, with both American and Kiwi Inc. organized under Delaware law and thus non-diverse, will be the entire lack of federal jurisdiction as to Kiwi Inc.

Perhaps American will choose to pursue Kiwi Inc. in a different forum. Whether or not it does, this Court does not have jurisdiction over American's claims against Kiwi Inc., which must be dismissed.

## IV.   CONCLUSION

This Court should dismiss American's claims against Kiwi Inc. under FED. R. CIV. P. 12(b)(2), as American's Complaint does not establish that this Court has personal jurisdiction over Kiwi Inc. Kiwi Inc. is not subject to general jurisdiction in Texas because it is not at home in this forum. Nor is Kiwi Inc. subject to specific jurisdiction in Texas, as the Complaint fails to allege that Kiwi Inc. directed activities to Texas and, thus, American's claims as a matter of law cannot arise out of Kiwi Inc.'s tenuous connections to this forum or Plaintiff's claims. Absent that nexus, the exercise of personal jurisdiction over Kiwi Inc. does not and cannot comply with the traditional notions of fair play and substantial justice.

The three federal claims in the Complain fall short, and will not support federal jurisdiction, because American's pleading establishes that the allegedly infringing conduct took place via a website that Kiwi Inc. does not own or control. In the absence of any claim grounded in federal common or statutory law, and with a non-diverse Plaintiff and Defendant, this Court will not have subject matter jurisdiction over Kiwi Inc.

Kiwi Inc. respectfully requests that the Court dismiss American's Complaint in its entirety.

Dated:  October 6, 2023                        Respectfully submitted,

                                                                */s/ T. Ray Guy*
T. Ray Guy
Texas Bar No. 08648500
rguy@fbtlaw.com
Amy E. LaValle
Texas Bar No. 24040529
alavalle@fbtlaw.com
Ben A. West
Texas Bar No. 24084074
bwest@fbtlaw.com
Ha-Vi L. Nguyen
Texas Bar No. 24105693
hlnguyen@fbtlaw.com

**FROST BROWN TODD, LLP**
Rosewood Court
2101 Cedar Springs Road, Suite 900
Dallas, Texas 75201
Telephone: (214) 545-3472

-and-

Ann Marie Arcadi
Texas Bar No. 00786994
annmarie.arcadi@arcadijackson.com
Heather Summerfield
Texas Bar No. 24095772
heather.summerfield@arcadijackson.com
Seema Tendolkar
Texas Bar No. 24053509
seema.tendolkar@arcadijackson.com
Neakzaad L. Horriat
Texas Bar No. 24116536
neak.horriat@arcadijackson.com

**ARCADI JACKSON, LLP**
2911 Turtle Creek Blvd., Suite 800
Dallas, Texas 75219
Telephone: (214) 865-6458

**ATTORNEYS FOR DEFENDANT
KIWI.COM, INC.**

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing document, DEFENDANT KIWI.COM, INC.'S RULE 12(b)(2) MOTION TO DISMISS AND BRIEF IN SUPPORT THEREOF, was served to all counsel of record via CM/ECF on October 6, 2023.

                                              */s/ T. Ray Guy*

0155054.0776820   4883-4721-3444v8