IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| AMERICAN AIRLINES, INC., § § Plaintiff, § § v. § § KIWI.COM, INC. and KIWI.COM S.R.O., § § Defendants. § | Civil Action No. 4:23-cv-00775-P |

**PLAINTIFF AMERICAN AIRLINES, INC.'S RESPONSE
TO DEFENDANT KIWI.COM, INC.'S RULE 12(b)(2)
MOTION TO DISMISS AND BRIEF IN SUPPORT THEREOF**

## TABLE OF CONTENTS

PAGE

I. PRELIMINARY STATEMENT ................................................................................... 1

II. FACTUAL BACKGROUND ........................................................................................ 2

    A. The conduct alleged in the Complaint applies equally to Kiwi Inc. and Kiwi s.r.o. .......................................................................................................... 2

    B. By its own admission, Kiwi Inc. supplies tickets to thousands of consumers. ................................................................................................... 4

III. ARGUMENTS AND AUTHORITIES .......................................................................... 9

    A. This Court has personal jurisdiction over Kiwi Inc. ............................................ 11

        1. Kiwi Inc. purposefully availed itself of the privilege of conducting business in Texas. ................................................................................. 11

        2. American's claims arise from Kiwi Inc.'s contacts with this State. ......... 14

        3. Exercise of jurisdiction over Kiwi Inc. is neither unreasonable nor unfair. ..................................................................................................... 15

IV. CONCLUSION .............................................................................................................. 16

# **TABLE OF AUTHORITIES**

**FEDERAL CASES**                                                                               **PAGE(S)**

*Azzaretto v. Harrington*,
   No. 4:22-cv-00121-O, 2022 WL 912780 (N.D. Tex. Mar. 29, 2022) ..............................11, 12

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985).......................................................................................................9, 13, 15

*Central Freight Lines Inc. v. APA Transport Corp.*,
   322 F.3d 376 (5th Cir. 2003) .....................................................................................................14

*Danziger & De Llano, LLP. v. Morgan Verkamp, LLC*,
   24 F.4th 491 (5th Cir. 2022) ......................................................................................................12

*Evergreen Media Holdings, LLC v. Safran Co.*,
   68 F. Supp. 3d 664 (S.D. Tex. 2014) ........................................................................................11

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*,
   141 S. Ct. 1017 (2021)..............................................................................................................14

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
   466 U.S. 408 (1984)..................................................................................................................10

*Latshaw v. Johnston*,
   167 F.3d 208 (5th Cir. 1999) ....................................................................................................14

*Lewis v. Fresne*,
   252 F.3d 352 (5th Cir. 2001) ....................................................................................................13

*Moncrief Oil Int'l v. OAO Gazprom*,
   481 F.3d 309 (5th Cir. 2007) ....................................................................................................10

*Monkton Ins. Servs., Ltd. v. Ritter*,
   768 F.3d 429 (5th Cir. 2014) ..............................................................................................10, 11

*Santander Consumer USA, Inc. v. Sandy Sansing Nissan, Inc.*,
   No. 3:21-CV-2471-L, 2022 WL 2124452 (N.D. Tex. May 13, 2022) ..........................9, 13, 14

*Walden v. Fiore*,
   571 U.S. 277 (2014)..................................................................................................................10

*Wien Air Alaska, Inc. v. Brandt*,
   195 F.3d 208 (5th Cir. 1999) ....................................................................................................16

*WNS, Inc. v. Farrow*,
   884 F.2d 200 (5th Cir. 1989) ....................................................................................................11

Plaintiff American Airlines, Inc. hereby files this Response to Defendant Kiwi.com, Inc.'s Rule 12(b)(2) Motion to Dismiss and Brief In Support Thereof ("Motion") [Dkt. No. 21], and would respectfully show as follows:

## I.     PRELIMINARY STATEMENT

This Court has specific jurisdiction over Defendant Kiwi.com, Inc. ("Kiwi Inc."). Plaintiff American Airlines, Inc.'s ("American") Complaint states the same causes of action and same allegations against *both* Kiwi Inc. and Kiwi.com s.r.o. ("Kiwi s.r.o."). The first line of the Complaint defines *both* corporations as "Kiwi" and each allegation thereafter is alleged against *each* of Kiwi Inc. and Kiwi s.r.o. The next twenty-seven paragraphs provide an overview of the acts that "Kiwi"—that is, both Kiwi Inc. and Kiwi s.r.o.—have engaged in. The jurisdiction and venue section of the Complaint states that the allegations of the Complaint are alleged against *both* entities: both entities accessed and booked tickets over AA.com and agreed to the terms of use [Dkt. No. 1 at 15–16 ¶ 35]; both entities committed torts in Texas [*id.* at 16 ¶ 36]; both entities booked tickets [*id.*]; both entities solicited business from Texas residents [*id.* at 16 ¶ 37]; and so on. The Complaint sufficiently alleges a prima facie case for Kiwi Inc.'s contacts with Texas.

Kiwi Inc. attempts to supplant the Complaint with a self-serving declaration that it acts solely as a credit card processor. Kiwi Inc. mischaracterizes American's Complaint by claiming it has only *one* jurisdictional allegation directed against Kiwi Inc. when, in fact, the entirety of the Complaint is alleged against Kiwi Inc. To the extent the Court wishes to address the factual dispute Kiwi Inc. is attempting to create at the motion to dismiss stage, Kiwi Inc.'s *own statements* in publicly-available corporate filings, and on its own website, contradict Kiwi Inc.'s claim that it is merely a credit card processor. Kiwi Inc. is in fact the "Supplier" of tickets to U.S. consumers, according to its own terms and conditions. Kiwi Inc. purposefully established contacts with Texas

because it: (1) actively transacts business in Texas with Texas consumers; (2) registered for and currently holds an active Texas Taxpayer Number; (3) makes and enters into agreements with American in Tarrant County, Texas on *a daily basis*; (4) breaches other agreements and duties entered into and governed by the laws of the State of Texas; (5) harms American, a Texas-based corporation, in this State; and (6) violates Texas statutory law. Simply put, American's Complaint has a sound basis in fact. Kiwi Inc. is in fact carrying out the same acts as Kiwi s.r.o., and both entities are properly before this Court.

For the reasons stated herein, American requests that the Court find that the Complaint establishes a prima facie case for it to extend personal jurisdiction over Kiwi Inc. based on Kiwi Inc.'s purposeful contacts with Texas that directly relate to or arise out of American's claims.

## II.  FACTUAL BACKGROUND

**A.  The conduct alleged in the Complaint applies equally to Kiwi Inc. and Kiwi s.r.o.**

American's Complaint alleges that Kiwi Inc. itself carries out the acts at issue in this case. Kiwi.com received accreditation from IATA in 2016 [Dkt. No. 1 at 22 ¶ 55], thereby agreeing to also comply with and be bound by the provisions, instructions, and policies in the Governing Travel Agency Agreements ("GTAA"). [*Id.* at 5 ¶ 10; 15–16 ¶ 35; 23 ¶ 58]. Kiwi further confirmed in a 2018 Agency Program Agreement that it would comply with the terms of the GTAA. [*Id.* at 23 ¶ 61]. The GTAA expressly provides that an "Agent [such as a consolidator like GTT] will not issue tickets for transportation on American on behalf of any other travel agency location for which American has refused or terminated its appointment [such as Kiwi]." [*Id.* at 23 ¶ 60]. The GTAA also expressly provides for exclusive jurisdiction of the United States District Court for the Northern District of Texas. [*Id.* at 15–16 ¶ 35]. In February 2022, American publicly announced to all of its authorized agents that American had revoked Kiwi's agency appointment—for *all* of

Kiwi, including Kiwi Inc. and Kiwi s.r.o.—and directed that all authorized agents cease issuance of tickets on behalf of Kiwi. [*Id.* at 25 ¶ 66]. Kiwi's obligations—that is both Kiwi Inc. and Kiwi s.r.o.—under IATA and GTAA survived its agency termination in February 2022 and continue to this day. [*Id.* at 24–25 ¶ 65].

Despite being stripped of authority to supply American tickets to Kiwi.com consumers, Kiwi Inc. (and Kiwi s.r.o.) continues to purposefully (not fortuitously or randomly) supply American tickets through unauthorized channels that breach agreements with Texas-based companies (American), intentionally interfere with agreements between Texas-based companies (American and GTT), harm Texas corporations (American) and Texas consumers (at least 6.83% of Kiwi Inc.'s revenue [Dkt. No. 21 at 7]), and violate Texas law (Count IV). [Dkt. No. 1 at 13 ¶ 26].

Kiwi Inc. supplies American tickets to Kiwi.com consumers in one of two (known) ways. One way is by directly accessing and using AA.com to purchase the selected flight(s) to the consumer. [*Id.* at 9–10 ¶ 18; 17 ¶ 39; 20–21 ¶ 51; 37–38 ¶ 98]. In doing so, Kiwi Inc. assents that its agreement with American is "made and entered into in Tarrant County, Texas" and "that Texas law governs" disputes. [*Id.* at 20–21 ¶ 51]. Kiwi Inc., as an explicit pillar of the Kiwi.com business model, violates the AA.com Use Agreement and Conditions of Carriage every time it purchases and supplies an American flight to a consumer. [*Id.* at 37–38 ¶ 98]. Alternatively, Kiwi Inc. supplies American tickets by shadow booking through certain ARC- and IATA-accredited agencies, like Texas-based GTT. [*Id.* at 11 ¶ 22; 22 ¶ 56; 24–25 ¶¶ 64–66; 39–40 ¶¶ 101–05]. These underground purchases appear to American to be sales made by a consolidator agency like GTT, not Kiwi Inc., but are ultimately funneled to Kiwi Inc. and supplied to Kiwi.com's customers. [*Id.* at 11 ¶ 22; 39 ¶ 101]. Accordingly, when supplying a ticket by means of this second,

underground method, Kiwi. Inc. necessarily communicates with and works in connection with Texas-based GTT by cloaking the transaction as "authorized" to American's eye. These shadow sales by Kiwi Inc. intentionally induce breaches of the GTAA provisions by which authorized consolidators, such as GTT, have agreed not to issue tickets for any unauthorized agency. [*Id.* at 11–12 ¶ 23; 24 ¶ 63; 40 ¶ 105].

In defying its non-agency, Kiwi Inc. holds itself out to consumers in the United States and in Texas as being authorized to supply American tickets. [*Id.* at 9 ¶ 17; 16 ¶ 38; 37 ¶ 97; 40–42 ¶¶ 106–07]. Kiwi Inc. does so by supplying American tickets to consumers and improperly using American's trademarks and copyright-protected Flight Symbol. [*Id.* at 2–3 ¶ 4; 40–41 ¶¶ 106–07; 52–53 ¶¶ 164–71; 53–54 ¶¶ 1–6 (Count V); 54–55 ¶¶ 7–17 (Counts VI & VII)]. Through this, Kiwi Inc. directly confuses Texas consumers by offering and supplying American flights to at least 19 Texas cities. [*Id.* at 16 ¶ 38].

**B.      By its own admission, Kiwi Inc. supplies tickets to thousands of consumers.**

Kiwi Inc. would have the Court believe it is merely a passive, unaffiliated[1] credit card processor. This is simply not the case.

---

[1] Despite Kiwi Inc.'s claim that is it unaffiliated with Kiwi s.r.o., Kiwi s.r.o.'s 2022 Annual Report identifies Kiwi Inc. as a subsidiary of Kiwi s.r.o. [*See* App'x 079]. The Annual Report defines "Kiwi.com s.r.o. and its subsidiaries" as the "Group," and presents the consolidated financial statements of the "Group" as a whole, without distinguishing between the operations of Kiwi s.r.o. and Kiwi Inc. [*Id.* at 048].

Further, in filings with the Florida Department of State, Kiwi Inc. declared its "principal address" as Rohanské nábřeží 678/25, Karlín, 186 00 Praha 8, in the Czech Republic [*id.* at 150]—the same location where Kiwi s.r.o. is formally registered. Kiwi s.r.o.'s Prague office is located at this same address. [*See id.* at 108 (Kiwi s.r.o. filing with Czech Republic)].

And further, the officers of Kiwi Inc. and Kiwi s.r.o. are substantially similar, including the same chief executive officer, Oliver Dlouhy, who exercises control over both entities. [*Compare id.* at 109–10 (Kiwi s.r.o. filing with Czech Republic) *with id.* at 150 (Kiwi Inc. filing with Florida Department of State)].

First, the Kiwi.com website states that Kiwi Inc. is the party that is selling tickets to thousands and thousands of U.S. consumers. The website ([www.kiwi.com/en/pages/content/legal](www.kiwi.com/en/pages/content/legal)) defines "Kiwi" to include *either* Kiwi Inc. *or* Kiwi s.r.o.:

> 1.3  Your relationship with Kiwi.com
>
>> 1.3.1  Whenever we mention "Kiwi.com," "we," "us," and "our," we mean either:
>>
>>> (a) Kiwi.com s.r.o., with a registered office at Lazaretní 925/9, Zábrdovice, Post Code 615 00 Brno, the Czech Republic, Company ID No.: 29352886, registered in the Commercial Register maintained by the Regional Court in Brno, File No. C 74565, Tax ID No. CZ29352886, or
>>>
>>> (b) Kiwi.com Inc. with a registered office at 1221 Brickell Avenue, Suite 1115, Miami, Florida, 33131, United States, if you fulfill the following criteria: (i) your payment is made by a credit/debit card from Visa or Mastercard and is issued by US bank/registered issuer, and (ii) you make the payment for the respective Kiwi.com Service in USD currency.

[*See* App'x 007; *see also* Dkt. No. 1 at 17 ¶ 39]. The language is unambiguous; if a consumer pays in U.S. dollars using a Visa or Mastercard, that consumer's *entire relationship* is with Kiwi Inc. and is *not* with Kiwi s.r.o. [*See* Dkt. No. 1 at 17 ¶ 39; App'x 007]. The terms and conditions on the Kiwi.com website further demonstrate that the consumer's relationship with Kiwi Inc. *is not limited to credit card processing*; the terms and conditions include price guarantees, rebooking, cancellation, and other travel-related terms. [*See* Dkt. No. 1 at 17 ¶ 39; App'x 012–13, 015]. The terms and conditions even contemplate arbitration and litigation with consumers in United States courts, going so far as attempting to bind every consumer in the United States to arbitration in Miami, Florida. [*See* App'x 023].

Second, when consumers in the United States, and in Texas, purchase tickets on Kiwi.com using a Visa or Mastercard, they receive an email denoting Kiwi Inc. as the "*supplier*" of the ticket:



[*See* App'x 030].

Conversely, when consumers purchase tickets on Kiwi.com using any other credit card (*e.g.*, American Express or Discover), they receive an invoice indicating the "supplier" of the ticket is Kiwi s.r.o.:



[*See* App'x 034].

Regardless of whether the "supplier" is Kiwi s.r.o. or Kiwi Inc., the consumer's credit card statement will simply say "Kiwi.com." The credit card statement for Kiwi.com Invoice 2023-984398 (naming Kiwi.com Inc. as the supplier in the invoice above, and as the merchant of record on this credit card statement) is below:



[*See* App'x 031]. The credit card statement for Kiwi.com Invoice 2023-29762392 (naming Kiwi.com s.r.o. as the supplier in the invoice above, and Kiwi.com as the merchant of record on this credit card statement) is below:



[*See* App'x 035].

Accordingly, both Kiwi Inc. and Kiwi s.r.o are distinct suppliers of consumer airline tickets on Kiwi.com and are each independently liable for the conduct alleged in the Complaint.

And, despite its assertions, Kiwi Inc. *does* do business in Texas and with Texas consumers, so much so that it registered for and holds an active Texas Taxpayer Number, as shown below:



[*See* App'x 037].[2]

Even further, earlier this week, Kiwi Inc. stated in its portion of the Joint Report Regarding Contents of Scheduling Order filed in this case: "Kiwi an entity serving as a credit card transaction processor for Kiwi.com s.r.o., **holds various licenses, and offers related services to customers**." [Dkt. No. 31 at 3 (emphasis added)].

## III.    ARGUMENTS AND AUTHORITIES

The court should deny a motion to dismiss pursuant to Federal Rule of Civil Procedure (12)(b)(2) if it finds that it has personal jurisdiction over the defendant. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 487 (1985). "A federal court sitting in diversity may exercise personal jurisdiction over a nonresident defendant to the same extent as a forum state court." *Santander Consumer USA, Inc. v. Sandy Sansing Nissan, Inc.*, No. 3:21-CV-2471-L, 2022 WL 2124452, at *5 (N.D. Tex. May 13, 2022), *report and recommendation adopted*, No. 3:21-CV-2471-L, 2022

---

[2] In addition, Kiwi.com registers as a "seller of travel" in three states in the US that require such filings.

AMERICAN'S RESPONSE TO KIWI INC.'S RULE 12(b)(2) MOTION TO DISMISS                              9

WL 2118973 (N.D. Tex. June 13, 2022). "A Texas state court can exercise jurisdiction over a nonresident if two preconditions are met: (1) the nonresident must be amenable to service of process under Texas's long-arm statute; and (2) the assertion of jurisdiction over the nonresident must comport with the Due Process Clause of the Constitution." *Id.* (citing *Jones v. Petty-Ray Geophysical, Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir. 1992)). "Because Texas's long-arm statute has been held to extend to the limits of due process, the Court need only determine whether jurisdiction over the defendant is constitutionally permissible." *Id.* (citing *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990)).

Specific jurisdiction exists when the plaintiff alleges a cause of action that grows out of or relates to a contact between the defendant and the forum state. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). Specific jurisdiction "focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (internal quotation marks and citation omitted). A single act by a defendant directed at the forum state may establish specific jurisdiction, "so long as the act gives rise to the claim asserted." *See Moncrief Oil Int'l v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007). The Fifth Circuit follows a three-step analysis in determining whether a court has specific personal jurisdiction:

> (1) whether the defendant has minimum contacts with the forum state, *i.e.*, whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 433 (5th Cir. 2014). The plaintiff bears the burden to establish the first two prongs, after which the burden shifts to the defendant to establish the third. *See id.*

With regard to the first element—purposeful availment—whether minimum contacts exist is a fact-intensive inquiry that ultimately reduces to whether the defendant could reasonably anticipate being haled into court in the forum. *Evergreen Media Holdings, LLC v. Safran Co.*, 68 F. Supp. 3d 664, 675 (S.D. Tex. 2014). A defendant "must not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts[.]" *Id.* (quoting *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009) (internal quotation marks and citations omitted).

Further, "when the jurisdictional issue is to be decided by the court on the basis of facts contained in affidavits, a party need only present facts sufficient to establish a prima facie case of personal jurisdiction." *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989). At the motion to dismiss stage, "proof by a preponderance of the evidence is not required." *Azzaretto v. Harrington*, No. 4:22-cv-00121-O, 2022 WL 912780, at *1 (N.D. Tex. Mar. 29, 2022) (quoting *D.J. Invs., Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 545–46 (5th Cir. 1985)). "Moreover, on a motion to dismiss for lack of jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a prima facie case for personal jurisdiction exists." *WNS, Inc.*, 884 F.2d at 203 (quoting *D.J. Invs.*, 754 F.2d at 545–46).

A.   **This Court has personal jurisdiction over Kiwi Inc.**

   1. **Kiwi Inc. purposefully availed itself of the privilege of conducting business in Texas.**

The purposeful availment requirement is satisfied because Kiwi Inc. purposefully availed itself of the privilege of conducting activities in Texas. *See Monkton Ins. Servs.*, 768 F.3d at 433.

First, Kiwi Inc. is the sole supplier of American tickets to Texas consumers who book tickets on Kiwi.com with a Visa or Mastercard credit card, according to its own terms and conditions, and its emails with consumers. [Dkt. No. 1 at 17 ¶ 39].

Second, because Kiwi Inc. is the sole supplier of American tickets to Texas consumers who purchase tickets with these credit cards, Kiwi Inc. enters into several Use Agreements with American, a Texas-based corporation, on AA.com for every ticket sold with the intended result of engaging in economic activity in Texas with American. [*Id.* at 17 ¶ 39; 20–21 ¶ 51; 37–38 ¶ 98]. Each time Kiwi Inc. (acting as an agent for American) purchases an American ticket for a consumer, it enters into a separate Use Agreement. [*See id.* at 20–21 ¶ 51; 37–38 ¶ 98]. Each Use Agreement explicitly states that it was "made and entered into in Tarrant County, Texas." [*Id.* at 20 ¶ 51; *see* App'x 043]. Accordingly, each time Kiwi Inc. purchases an American ticket for a consumer, it transacts with a Texas-based entity. The Fifth Circuit consistently exercises jurisdiction over non-forum defendants who engage with a resident in the forum with the foreseeable and intended result of causing economic activity within the forum state, because the defendant "should have reasonably anticipated being haled into court in Texas on breach of contract claims related to that contract[.]" *Danziger & De Llano, LLP. v. Morgan Verkamp, LLC*, 24 F.4th 491 (5th Cir. 2022) (quoting *Central Freight Lines Inc. v. APA Transport Corp.*, 322 F.3d 376, 383 (5th Cir. 2003)) (internal quotation marks omitted).

Third, Kiwi Inc. is a Texas taxpayer doing business in Texas with Texas residents, as explicitly demonstrated on the Texas Comptroller of Public Accounts website. [*See* App'x 037]. The Texas Comptroller of Public Accounts website states that Kiwi Inc.'s "Right to Transact Business in Texas" is "Active" and identifies Kiwi Inc.'s "Texas Taxpayer Number." [*Id.*]. If Kiwi

Inc. was not doing any business in Texas, as it claims, it would have no need for a Texas Taxpayer Number.

Fourth, Kiwi Inc. engaged in business communications and dealings with Texas-based GTT, and those engagements form the basis for certain misconduct on which this suit is premised. [*See* Dkt. No. 1 at 47–50 ¶¶ 125–50 (Count II—Breach of GTAA); *id.* at 50–52 ¶¶ 151–62 (Count III—Tortious Interference with American/GTT Contract)]. As set forth in the Complaint, GTT is one of the major consolidator agencies whose pseudo city codes Kiwi Inc. improperly uses to sell American tickets. [*Id.* at 22 ¶ 56; 39 ¶¶ 101–02]. GTT maintains its headquarters in Plano, Texas. [*Id.* at 16 ¶ 37]. Accordingly, Kiwi Inc. purposefully communicates and works in conjunction with a Texas business to access American content and purchase American tickets for consumers of Kiwi.com. Further, Kiwi Inc.'s communications and business dealings with Texas-based GTT give rise to American's tortious interference claim (Count III), which alone is sufficient to establish minimum contacts. *See Lewis v. Fresne*, 252 F.3d 352, 359 (5th Cir. 2001) ("when the actual content of communication with a forum gives rise to intentional tort cause of action, this alone constitutes purposeful availment" (internal alteration and citation omitted)).

Fifth, each time Kiwi Inc. purchases an American flight for a consumer (as opposed to obtaining the ticket via a third party like GTT), it agrees in the AA.com Use Agreement that Texas law governs any dispute arising from use of AA.com. [Dkt. No. 1. at 15–16 ¶ 35; *see* App'x 043]. While a choice of law provision "standing alone would be insufficient to confer jurisdiction," it is instructive in a minimum-contacts jurisdictional analysis when considered with the facts of a case. *Burger King Corp.*, 471 U.S. at 481–82; *see also Santander Consumer USA*, 2022 WL 2124452, at *7 (citing *Electrosource, Inc. v. Horizon Battery Techs, Ltd.*, 176 F.3d 867, 871 (5th Cir. 1999)) (a choice of law provision is relevant to a personal jurisdiction analysis but not determinative); *see*

*also Central Freight Lines*, 322 F.3d at 383 (although the subject agreement did not contain a choice of law or forum selection clause that would have put the defendant on specific notice that it might be amendable to suit in Texas, neither did the agreement contain any provision that would give the defendant reason to think it could *not* be haled into court in Texas in the event it breached the agreement).

Sixth, each time Kiwi Inc. supplies an American ticket to a consumer in Texas, it is falsely holding itself out as an authorized agent of American. [Dkt. No. 1 at 1–2 ¶ 1; 2–3 ¶ 4; 9 ¶ 17; 16 ¶ 38; 19 ¶ 46; 37 ¶ 97; 40–42 ¶¶ 106–07].

Seventh, each time Kiwi Inc. supplies an American ticket to a consumer, it is falsely holding itself out to consumers as being affiliated with or sponsored by American, creating a likelihood of confusion as to the source of the services provided. [*Id.* at 52 ¶ 166; *id.* at 54 ¶ 8 (Count VI); 55 at ¶¶ 13–14, 16 (Count VII)].

These, and the other acts alleged against Kiwi Inc. in the Complaint, demonstrate Kiwi Inc. purposefully avails itself of the laws of Texas.

**2.      American's claims arise from Kiwi Inc.'s contacts with this State.**

Specific personal jurisdiction is proper when a plaintiff's claims "arise out of or relate to the defendant's contacts." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1025 (2021) (internal quotation marks and citation omitted). For a claim to "relate to" defendant's contacts, "causation" or "proof of causation" is not required. *Id.* at 1026. A "single act by the defendant directed at the forum state can be enough to confer personal jurisdiction if that act gives rise to the claim being asserted[.]" *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999).

Each of American's claims arise out of or relate to Kiwi Inc.'s contacts with Texas. Each time Kiwi Inc. supplies an American ticket to a Texas consumer, which it obtains by accessing

AA.com, Kiwi Inc. is breaching the AA.com Use Agreement and Conditions of Carriage (Count I). Each time Kiwi Inc. supplies an American ticket to a consumer, it is breaching several provisions of the GTAA (Count II). Each of Kiwi Inc.'s communication and business dealings with Texas-based GTT is a tortious interference with American's contracts with its authorized agent (Count III). Each time Kiwi Inc. holds itself out as authorized to supply tickets to consumers, it causes confusion among consumers as to its affiliation, connection, or association with American (Counts IV, VI, and VII). Each time Kiwi Inc. supplies a ticket to a consumer and uses American's Flight Symbol in connection with that transaction (by displaying the American Flight Symbol on the Kiwi.com website), it commits copyright infringement (Count V).

There can be no confusion that each of American's claims arise out of or relate to Kiwi Inc.'s purposeful contacts with Texas.

### 3. Exercise of jurisdiction over Kiwi Inc. is neither unreasonable nor unfair.

It is Kiwi Inc.'s burden to show that the exercise of personal jurisdiction would be unreasonable or unfair. *Burger King Corp.*, 471 U.S. at 477 (discussing how the burden of proof shifts to the defendant to show that the third element for specific jurisdiction is not satisfied). Kiwi Inc. makes no mention of this element in its Motion and makes no effort to meet its burden. While Kiwi Inc. is silent as to the number of tickets it supplies to Texas consumers, American has properly pled this element, and, as a practical matter, Kiwi Inc. must be supplying thousands of illegally-obtained tickets to Texas consumers every month. Naturally, there is nothing unfair or unreasonable for Kiwi Inc. to be held accountable in Texas for supplying American tickets to Texas consumers, especially when Kiwi Inc. voluntarily registered to do business in Texas and enters into agreements with Texas-based corporations on a daily basis. Kiwi Inc. has no evidence to meet its burden of showing jurisdiction over it is unfair or unreasonable, and, as a result, if the

Court finds American has met its burden, the inquiry should end there. *See Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999) ("It is rare to say the assertion [of personal jurisdiction] is unfair after minimum contacts have been shown.").

## IV. CONCLUSION

BASED ON THE FOREGOING, the Court should deny Kiwi Inc.'s Rule 12(b)(2) Motion to Dismiss, retain jurisdiction over this matter, permit Kiwi Inc. and American to continue with discovery, and grant such other and further relief to which American may be entitled.

Dated: October 27, 2023                              Respectfully submitted,

*/s/ Dee J. Kelly, Jr.*
Dee J. Kelly, Jr.
State Bar No. 11217250
dee.kelly@kellyhart.com
Lars L. Berg
State Bar No. 00787072
lars.berg@kellyhart.com
Julia G. Wisenberg
State Bar No. 24099146
Julia.wisenberg@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
(817) 332-2500

Nathan J. Muyskens
nathan.muyskens@gtlaw.com
GREENBERG TRAURIG, LLP
2101 L Street, N.W., Suite 1000
Washington, DC 20037
Telephone: 202-331-3100
Facsimile: 202-331-3101

Cameron M. Nelson
nelsonc@gtlaw.com

GREENBERG TRAURIG LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
Telephone: (312) 456.6590
Facsimile: (312) 456-8435

**ATTORNEYS FOR PLAINTIFF
AMERICAN AIRLINES, INC.**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was served on all counsel of record via ECF on October 27, 2023.

                                              */s/ Dee J. Kelly, Jr.*
                                              Dee J. Kelly, Jr.